[J-110-2016] [MO:Todd, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 9 WAP 2016 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court entered August 25, 2015 at No. |
| | : | 1459 WDA 2013, vacating the Order of |
| v. | : | the Court of Common Pleas of |
| | : | Allegheny County entered August 27, |
| | : | 1993 at Nos. CP-02-CR-0004017-1993 |
| SHAWN LAMAR BURTON, | : | and CP-02-CR-0004276-1993 and |
| | : | remanding. |
| Appellee | : | |
| | : | SUBMITTED: September 9, 2016 |

## DISSENTING OPINION

**JUSTICE BAER**                              **DECIDED: MARCH 28, 2017**

I respectfully dissent as I find it inappropriate and, indeed, dangerous to adopt a *per se* rule which exempts incarcerated *pro se* petitioners from precedent establishing that if a particular fact is contained in a public record, then that fact should not be deemed "unknown" for purposes of the newly-discovered-facts exception to the timeliness requirements of the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.[1]  Moreover, as to the circumstances of this case, Appellee did not

---

[1] The newly-discovered-facts exception provides:

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that . . . the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

42 Pa.C.S. § 9545(b)(1)(ii).

specifically allege in his PCRA petition that he lacked access to public records such that the public record presumption[2] should not apply to him under the law as it currently exists. Thus, the PCRA court properly dismissed Appellee's petition as untimely filed, and the Superior Court erred by holding otherwise. For the reasons that follow, I would vacate the Superior Court's judgment and reinstate the PCRA court's order.

Generally speaking, a PCRA petitioner must file his petition within one year of the date that his judgment becomes final. 42 Pa.C.S. § 9545(b)(1). There are three exceptions to this rule. Relevant to this appeal is the newly-discovered-facts exception, which allows a PCRA petitioner to circumvent the one-year deadline so long as the petition alleges and the petitioner proves that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" *Id.* at § 9545(b)(1)(ii).

Given our case law, the public record presumption is currently the law of the Commonwealth and applies to all PCRA petitioners, without exception. Again, the significance of this presumption is that any fact available through a public record will not be deemed unknown to a PCRA petitioner. Yet, the Majority *sub silentio* has overruled this precedent as it applies to incarcerated *pro se* PCRA petitioners, thereby creating a status-based exception to this rule; an exception that, in my view, swallows nearly the entirety of the rule given that incarcerated *pro se* petitioners constitute the group of

---

[2] This Court has held that, for purposes of the newly-discovered-facts exception, "information is not 'unknown' to a PCRA petitioner when the information was a matter of public record." *Commonwealth v. Chester*, 895 A.2d 520, 523 (Pa. 2006) (citing *Commonwealth v. Lark*, 746 A.2d 585, 588 n.4 (Pa. 2000) (holding that the statistics which comprised a study of the Philadelphia criminal justice system were of public record and, therefore, that the information did not fall within the purview of the newly-discovered-facts exception)). In accord with the Majority Opinion, I will refer to this rule of law as "the public record presumption."

PCRA petitioners who regularly invokes and relies upon the exceptions to the PCRA's time-bar.[3]

When this Court has applied the public record presumption, we have not elaborated on the rationale for it.[4] As the Majority observes, the presumption may be in

_____

[3] The Majority reaches its conclusion based upon its interpretation of this Court's decision in *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007). Majority Opinion at 31 (stating that the Majority is adopting "what was the essence of our holding in Bennett"). Unlike the Majority, I do not interpret *Bennett* as broadly pronouncing that the public record presumption does not apply to incarcerated *pro se* PCRA petitioners. Rather, my narrower interpretation of *Bennett* largely comports with that of Judge Olson in her dissenting opinion below. *See Commonwealth v. Burton*, 121 A.3d 1063, 1084 n. 9 (Pa. Super. 2015) (Olson, J., Dissenting) (explaining, *inter alia*, that *Bennett* did not involve "an express holding that petitioners are entitled to special, access-based accommodations where they lack the benefit of counsel . . ."). Regarding this narrower interpretation of *Bennett*, it is noteworthy that, since *Bennett*, this Court has applied the public record presumption without making any reference to *Bennett* or to any exception to the presumption. *Commonwealth v. Taylor*, 67 A.3d 1245, 1248-49 (Pa. 2013); *see also Commonwealth v. Lopez*, 51 A.3d 195, 196 (Pa. 2012) (stating, in a *per curiam* order, that Lopez could not prove an exception to the PCRA's time-bar because information related to his trial counsel's disciplinary issues was publicly available for years and that "these facts were easily discoverable and in the public record for longer than 60 days before this petition was filed").

It also is worth noting that the Majority distinguishes *Bennett* from the cases in which we have applied the public record presumption on the basis that Bennett did not have counsel, while in the cases that we enforced the presumption, such as *Chester* and *Lark*, the petitioners did have counsel. *See* Majority Opinion at 26 n. 19 ("Unlike in *Bennett*, the PCRA petitioners in *Lark*, *Whitney*, *Chester*, and *Taylor* were all represented by counsel."). The Majority does not expound upon its observation. It is unclear to me from the Majority Opinion at what stage an incarcerated PCRA petitioner must be *pro se* to qualify for the exception to the public record presumption. For example, to benefit from this exception, does the incarcerated petitioner have to be *pro se* when the "unknown fact" occurred, when it became publicly accessible, or when he files his PCRA petition? The answer to this inquiry begs the question as to when the petitioners in *Bennett* and the previously mentioned cases were and were not represented by counsel. In this case, we have no idea when exactly Appellee had or did not have counsel.

[4] The presumption appears to be based upon the legal fiction that if a fact is available through some public resource, it is then ascertainable through the exercise of due diligence.

tension with the statutory language which governs the newly-discovered-facts exception. *See*, *e.g.*, Majority Opinion at 21 ("In requiring the facts be *unknown to the petitioner*, the statute itself contains no exception, express *or* constructive, regarding information that is of public record.") (emphasis in original). Perhaps this Court should examine the whole of this presumption at some point in a future case when the issue is before us; however, the Majority accurately notes that we "have not been asked in this appeal to reconsider the applicability of the public record presumption generally." *Id.* at 26 n. 20.

As to the issue that is presently before the Court (*i.e.*, whether incarcerated *pro se* PCRA petitioners should be exempt from the public record presumption), the Majority carves its deep exception to the presumption based primarily on a conclusion that all *pro se* incarcerated petitioners lack proper access to all public resources, thus rendering the application of the presumption to incarcerated *pro se* petitioners unjustifiable. In reaching this fact-based conclusion, the Majority relies heavily on assertions made by the Pennsylvania Exonorees in their *amicus* brief and upon representations that Appellee makes in his brief. Majority Opinion at 28-31. I respectfully suggest that non-record assertions and representations made in legal briefs should not be employed to support the conclusion that all incarcerated *pro se* PCRA petitioners' "access to public records is distinctly compromised," *id.* at 31, and, for all intents and purposes, to set aside an established rule of Pennsylvania law, especially without consideration of the rule of *stare decisis*.[5]

---

[5] "The rule of *stare decisis* declares that for the sake of certainty, a conclusion reached in one case should be applied to those which follow, if the facts are substantially the same, even though the parties may be different." *Commonwealth v. Tilghman*, 673 A.2d 898, 903 n. 9 (Pa. 1996) (citation omitted).

Moreover, one may reasonably conclude that access to public records likely varies from prison to prison and prisoner to prisoner. It would be surmised reasonably that there may be cases where a potential PCRA petitioner who has counsel or who is not incarcerated has less access to public records than an incarcerated *pro se* petitioner. However, neither these observations nor the non-record based assertions and representations of Appellee and his *amici* can settle the fact-based question of what access PCRA petitioners have to public records. As previously noted, Appellee did not specifically allege in his PCRA petition that he lacked access to the public records at issue here such that the public record presumption should not apply to him.

Further, as the PCRA court correctly reasoned, because Appellee and his co-defendant Melvin Goodwine were both convicted of conspiracy, it is disingenuous for Appellee to argue now that he did not know Goodwine killed the victim in self-defense. PCRA Court Opinion, 11/6/2013, at 4-5. As Goodwine's co-conspirator, Appellee necessarily knew the extent of their agreement to attempt or to commit a crime, and assuming Goodwine's claim of self-defense is to be believed, Appellee should have known whether the killing of the victim was not a part of their agreement or plan. *See* 18 Pa.C.S. § 903(a)(1) (explaining that a person is guilty of conspiracy with another person to commit a crime if, with the intent of promoting or facilitating its commission, he agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime). In addition, I am cognizant of and troubled by the additional burden that the Majority's proposed new hearing procedure will create for the courts of common pleas that are charged with reviewing PCRA petitions in the first instance. *See* Majority Opinion at 32 (stating that a PCRA court first must determine whether the facts upon which the claim is predicated were unknown to the petitioner, which may require a

hearing, and if the court determines that the facts were unknown to the petitioner, then the court should proceed to consider whether the facts could have been ascertained by the exercise of due diligence).

It may be that this Court should reconsider the public record presumption in general if that opportunity presents itself, but this case does not involve such a broad issue.[6]  Regarding the arguments and record that is before the Court, there is no valid reason to justify exempting Appellee specifically, or all incarcerated *pro se* PCRA petitioners generally, from the public record presumption.  In my view, the PCRA court's order properly dismissed Appellee's PCRA petition as untimely filed, without holding an evidentiary hearing, because Appellee filed his petition well beyond one year from the date his judgment became final and because he failed to establish an exception to the PCRA's one-year time-bar.

Justice Dougherty joins this dissenting opinion.

---

[6] In the proper case and after full briefing from the necessary parties, it may be advisable for this Court to abandon what the Majority has articulated as the public record presumption, in favor of an evidenced-based criteria which reflects the plain language of the newly-discovered-facts exception.  *See* 42 Pa.C.S. § 9545(b)(1)(ii) (permitting a PCRA petitioner to file a petition after the one-year deadline for filing a petition, so long as the petition alleges and the petitioner proves that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence").  Reconsideration of the current state of the law, however, requires the proper case, full development, and attention to the rule of *stare decisis.*